David L. Cheng, Bar No. 240926
dcheng@fordharrison.com
**FORD & HARRISON LLP**
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone:    (213) 237-2400
Facsimile:    (213) 237-2401

Attorneys for Defendant
NITTA CORPORATION OF AMERICA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM DALY,<br><br>                    Plaintiff,<br><br>         vs.<br><br>NITTA CORPORATION OF AMERICA, INC., a Georgia corporation; and DOES 1 through 50, inclusive,,<br><br>                    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441(b) AND 1446 BY DEFENDANT NITTA CORPORATION OF AMERICA, INC.**<br><br>Complaint Filed:    August 8, 2017<br>Removal Filed:    September 18, 2017 |

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:9347547.1

NOTICE OF REMOVAL
CASE NO.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Nitta Corporation of America, Inc. ("Nitta" or "Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of Sacramento, to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Removal is based upon the following grounds:

**<u>PLEADINGS, PROCESS, AND ORDERS</u>**

1.      On August 8, 2017, Plaintiff Tom Daly ("Plaintiff") filed this action against Defendant in the Superior Court of California, for the County of Sacramento, entitled "*Tom Daly v. Nitta Corporation of America, Inc.*," Case No. 34-2017-00217113-CU-WT-GDS.  A true and correct copy of the Complaint is attached to the Declaration of David L. Cheng as **Exhibit A.** Defendant was served with the Complaint on August 17, 2017.  (Declaration of David L. Cheng ["Cheng Decl."], ¶ 2.)

2.      True and correct copies of the Summons and Civil Case Cover Sheet for the Complaint were filed on August 8, 2017, are attached to the Cheng Decl. as **Exhibit B**.

3.      A true and correct copy of the Notice of Case Management Conference and Order to Appeal, filed by the clerk on August 9, 2017, is attached to the Cheng Decl. as **Exhibit C**.

4.      A true and correct copy of Nitta's Answer, which was filed by Defendant on September 11, 2017, is attached to the Cheng Decl. as **Exhibit D**.

5.      Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders served on or received by Defendant in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Superior Court of California, Sacramento County or served by any party.

6.      A copy of this Notice of Removal will be filed contemporaneously with the Clerk of the Superior Court of the State of California for the County of Sacramento, and will be served contemporaneously on all counsel of record, as required by 28 U.S.C. § 1446(d).  By removing the action to this Court, Defendant does not waive any defenses, objections, or motions available

to it under state or federal law.

## TIMELINESS OF REMOVAL

7.     Defendant was served with the Complaint on August 17, 2017.  (Cheng Decl., ¶ 2.)  This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of the date when Defendant was served with a copy of the Complaint and corresponding summons, taking into consideration holidays and weekends.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a); *Krug v. Wells Fargo Bank, N.A.*, No. C 11-5190, 2011 WL 6182341, *1 (N.D. Cal. Dec. 13, 2011).

## JURISDICTION

8.     A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  28 U.S.C. 1332(a).  "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."  28 U.S.C. 1441(a).  Therefore, a state court action may be removed if the action (1) is between citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.  Each of these two requirements is met.

**Requirement No. 1:  Plaintiff is a Citizen of a State Different than Defendant**

9.     Plaintiff is a citizen of the state of California (Complaint, ¶ 1, Ex. A to Cheng Decl.) and a citizen of the United States.  (Kent Decl., ¶ 5.)

10.     Defendant is not a citizen of the state of California.  Defendant is organized and exists under the laws of the State of Georgia (Complaint, ¶ 2), with its principal place of business in the State of Georgia.  (Kent Decl., ¶ 3-4.)  Accordingly, Defendant is a citizen of Georgia for purposes of diversity jurisdiction.  28 U.S.C. § 1332(c)(1).

11.     The supposed defendants named as "DOES 1 through 50" are sued under fictitious names whose alleged citizenship is to be disregarded.  28 U.S.C. § 1441(b)(1).

12.     The diversity requirement, therefore, is satisfied.

**Requirement No. 2:  The Amount in Controversy Exceeds $75,000**

13.     A defendant's notice of removal need include only a plausible allegation that the

amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation. *See Dart Cherokee Basin Operating Co., LLC v. Owens¸* 574 U.S. ___, 135 S. Ct. 547, 554 (2014). As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011)).[1] Here, the Court can reasonably ascertain from Plaintiff's complaint and his prayer for relief that the amount in controversy exceeds $75,000. The assertions of Defendant herein are limited to its preliminary understanding of Plaintiff's claims and data currently available to Defendant. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, 2014 U.S. Dist. LEXIS 21571, *20 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)). Nor does Defendant need to provide summary judgment-type evidence. *Cagle*, 2014 U.S. Dist. LEXIS 21571 at *21.

14. Here, Defendant can easily meet its burden of establishing that the amount in controversy exceeds $75,000. Plaintiff's demand for economic damages, non-economic damages, punitive damages, and attorneys' fees puts more than $75,000 at stake in this litigation.

[1] The Supreme Court went on to say that "[o]f course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations." *Dart Cherokee*¸ 135 S. Ct. at 554.

*See Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) ("We have defined the amount in controversy as the amount at stake in the underlying litigation…") (citations omitted).

15.    **Economic Damages**:

**Back Pay.**  Plaintiff alleges that, as a result of Defedant's alleged actions, "Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial." (Complaint, ¶ 19.)   Plaintiff allegedly involuntarily resigned from his position on August 18, 2015. (*See id.* at ¶ 15.)  Plaintiff allegedly was paid an annual salary of $72,000 plus a $500 per month car allowance.  (*See id.* at ¶ 8.)

i.       **Measured until date of removal.**

There have been approximately two years and one month, or 2.08 years, between Plaintiff's termination and the time of removal.  Plaintiff's claim for back pay during this time period is estimated to be as follows:

| Type of Remuneration | Amount |
| --- | --- |
| Salary | $149,760 (2.08 years x $72,000) |
| Monthly Car Allowance | $12,500 (25 months x $500) |
| **TOTAL:** | **$162,260** |

This number by itself exceeds the amount in controversy.

ii.       **Measured until date of likely judgment.**

In establishing that the amount in controversy likely exceeds the jurisdictional minimum, a defendant is permitted to calculate the likely back pay award from the date of the termination until the date of likely judgment. *See Garcia v. ACE Cash Express, Inc.*, 2014 U.S. Dist. LEXIS 76351, *10-*11 (C.D. Cal. May 30, 2014) (considering calculation of back pay based on number of "months between termination and removal…and adding wages for the estimated time between removal and trial"); *James v. Childtime Childcare, Inc.*, 2007 U.S. Dist. LEXIS 43753, *4, n.1 (E.D. Cal. Jun 1, 2007) (plaintiff "erroneously assumes that the court includes only those wages

lost before removal when calculating the amount in controversy. The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages.")

Here, the median time from the filing of a complaint until trial in the Central District of California is 44.1 months, or 3.675 years. *See* Federal Court Management Statistics, June 2017, Federal Court Management Statistics - Profiles, *available at* http://www.uscourts.gov/ Statistics.aspx (last visited Aug. 24, 2017).

There will be approximately 5.755 years between Plaintiff's termination and the estimated trial date. Plaintiff's claim for back pay during this time period is estimated to be as follows:

| Type of Remuneration | Amount |
|---|---|
| Salary | $414,360 (5.755 years x $72,000) |
| Monthly Car Allowance | $34,530 (69.06 months x $500) |
| **TOTAL:** | **$448,890** |

This by itself exceeds the amount in controversy.

16.     **Non-economic Damages**.  Plaintiff alleges that, as a result of Defendant's alleged conduct, "Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to her[sic] damage in an amount according to proof at the time of trial." (Compl., ¶ 20; *see also id.* at ¶ 27.)  Emotional distress damages may be considered when calculating the amount in controversy. *See Hurd v. Am. Income Life Ins.*, 2013 U.S. Dist. LEXIS 147849, *17 (C.D. Cal. Oct. 10, 2013).

17.     While Plaintiff's emotional distress cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *See*, *e.g.*, *Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612).

18.     **Punitive Damages.**    Plaintiff alleges that Defendant's alleged acts were undertaken with "oppression, fraud, malice, and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of

trial. (Compl., ¶¶ 21, 28.)  The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).  "Punitive damages… can be substantial even when lost wages fall short of the jurisdictional minimum." *Hurd*, 2013 U.S. Dist. LEXIS 147849 at *17.

19.    California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294.  *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994).  A punitive damages award may equal as much as four times the amount of the actual damages award.  *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).  Consequently, the punitive damages award in this case that Plaintiff seeks to recover is at least $929,040 ($232,260 in loss of earnings [see paragraph 16(i), *supra*] x 4).

20.    **Attorneys' Fees**. Attorneys' fees may be considered in determining whether the amount in controversy requirement has been satisfied if a plaintiff sues under a statute that authorizes an award of fees to the prevailing party." *Ponce v. Medical Eyeglass Center Inc.*, 2015 U.S. Dist. LEXIS 98517, *6 (C.D. Cal. Jul. 27, 2015).  "[A] conservative estimate of attorneys' fees likely to be incurred through the conclusion of this case properly factors into the amount in controversy determination."  *Id.* at *3; *see also Simmons*, 209 F. Supp. 2d at 1034-35 ("Plaintiff insists that attorneys' fees are limited to those accrued at time of removal, maintaining that additional fees are too speculative.  Plaintiff is mistaken…[F]ees necessarily accrue until the action is resolved.  Thus, the Ninth Circuit must have anticipated that district courts would project fees beyond removal...[T]he measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred.").  Further, while Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they likely will at exceed the damages award.  *See id.* at 1035 ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages.

21.    **Total Amount in Controversy**.  Defendant has met its burden of demonstrating

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:9347547.1 — 7 —

NOTICE OF REMOVAL
CASE NO.

by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Plaintiff's claim for back pay damages amounts to at least $162,260.00.  This means that, even without any demand for emotional distress damages, punitive damages, and attorney's fees, the amount in controversy is satisfied with back pay wages alone.

## **VENUE**

22.    Sacramento is located within the Eastern District of California.  Thus, venue is proper pursuant to 28 U.S.C. § 84(b) because this is the "district and division embracing the place where [Plaintiff's] action is pending."  28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1391.

WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, Sacramento County, to the United States District Court for the Eastern District of California.

Dated: September 12, 2017

Respectfully submitted,

FORD & HARRISON, LLP

By: /s/ David L. Cheng
David L. Cheng
Attorneys for Defendant
NITTA CORPORATION OF AMERICA, INC.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:9347547.1

- 8 -

NOTICE OF REMOVAL
CASE NO.

**PROOF OF SERVICE**

I, **EVELYN COOPWOOD**, declare:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.  On **September 12, 2017**, I served a copy of the within document(s):

**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441(b) AND 1446 BY DEFENDANT NITTA CORPORATION OF AMERICA, INC.**

X   **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

X   **BY OVERNIGHT MAIL:**  by placing the document(s) listed above in a sealed FedEx Overnight envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for delivery.

Peter F. Samuel
Samuel and Samuel
5050 Sunrise Boulevard, Suite C-1
Fair Oaks, CA 95628
Telephone: (916) 966-4722
Facsimile:  (916) 962-2219
Email:     pfsamuel@samuellaw.com
**Attorneys for *PLAINTIFF TOM DALY***

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **September 12, 2017**, at Los Angeles, California.

**EVELYN COOPWOOD**

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:9347547.1                     - 9 -                     NOTICE OF REMOVAL
                                                                    CASE NO.